## In re: HAWAIIAN AND GUAMANIAN CABOTAGE ANTITRUST LITIGATION.

### In re: Hawaiian Cabotage Antitrust Litigation.

**MDL Nos. 1972, 1970.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 13, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Before the Panel are two dockets involving antitrust allegations against providers of cabotage services to and from Hawaii (the Hawaii actions) and Guam (the Guam action).[1] In MDL No. 1970, plaintiff in one Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the Hawaii actions in the Northern District of California. In MDL No. 1972, plaintiff in the Central District of California actions has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the Hawaii actions and the Guam action in the Northern District of California.

Two Northern District of California plaintiffs and the District of Hawaii potential tag-along plaintiff support centralization of the Hawaii actions in the Northern District of California and the District of Hawaii, respectively, but they oppose inclusion of the Guam action in MDL proceedings. The MDL No. 1970 movant and plaintiffs in the District of Oregon action and the Western District of Washington potential tag-along actions support coordination of the Guam action with the MDL proceedings, but not consolidation, in one or more of the following districts: the Northern District of California, the Western District of Washington, or the District of Oregon. Plaintiff in one Northern District of California potential tag-along action supports centralization of all actions in the Northern District of California. Defendants support centralization of all actions in the Western District of Washington.

Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

1. At the hearing session in these two dockets, the Panel heard combined oral argument.

MDL No. 1970 currently consists of four actions listed on Schedule A and pending in two districts, three actions in the Northern District of California and one action in the District of Oregon. In addition to these four actions, MDL No. 1972 currently consists of two more actions listed on Schedule B and pending in the Central District of California.[2]

On the basis of the papers filed and hearing session held, we find that all of the actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are brought against nearly identical defendants that are competitors in both trade routes and are alleged to have conspired to fix prices along both trade routes. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposed to the inclusion of the Guam action argue, *inter alia,* that (1) the Hawaii trade route is very different from the Guam trade route in terms of the amount of trade and the distance from the mainland; and (2) the Jones Act, 46 U.S.C. § 100, *et seq.,* applies differently to the two routes. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. While the trade routes have their differences, common defendants control the majority of trade to and from both Guam and Hawaii, and it is likely that factual issues and discovery regarding defendants' alleged conspiracy to fix prices of

cabotage services in both markets will overlap.

We are presented with several reasonable choices for the transferee district. However, Judge Vaughn R. Walker of the Northern District of California already has two current MDLs assigned to him. We are persuaded that the Western District of Washington is the most appropriate transferee forum for this litigation. Various plaintiffs along with the defendants favor transfer there. Moreover, Judge Thomas S. Zilly has the time and experience to prudently steer this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of only the Hawaii actions in MDL No. 1970 (Schedule A) is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule B, encompassing MDL No. 1972, are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Thomas S. Zilly for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 1972, originally named *In re Pacific Ocean Cabotage Antitrust Litigation,* is renamed as follows: *In re Hawaiian and Guamanian Cabotage Antitrust Litigation.*

### SCHEDULE A

MDL No. 1970 — **IN RE: HAWAIIAN CABOTAGE ANTITRUST LITIGATION**

*Northern District of California*
*Robert H. Steinberg v. Matson Navigation Co., et al.,* C.A. No. 3:08–2402
*Acutron, Inc. v. Matson Navigation Co., Inc., et al.,* C.A. No. 3:08–2600

---

**2.** The Panel has been notified that fourteen other related actions have been filed as follows: seven actions in the Northern District of California, five actions in the Western District of Washington, and one action each in the Central District of California and the District of Hawaii. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*50th State Distributors, Inc. v. Matson Navigation Co., Inc., et al.,* C.A. No. 3:08–2603

*District of Oregon*

*Versa Dock Hawaii, LLC v. Horizon Lines, LLC, et al.,* C.A. No. 3:08–631

## SCHEDULE B

MDL No. 1972 — **IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE ANTITRUST LITIGATION**

*Central District of California*

*Taste of Nature, Inc. v. Matson Navigation Co., Inc., et al.,* C.A. No. 2:08–3073

*Taste of Nature, Inc. v. Matson Navigation Co., Inc., et al.,* C.A. No. 2:08–3650

*Northern District of California*

*Robert H. Steinberg v. Matson Navigation Co., et al.,* C.A. No. 3:08–2402

*Acutron, Inc. v. Matson Navigation Co., Inc., et al.,* C.A. No. 3:08–2600

*50th State Distributors, Inc. v. Matson Navigation Co., Inc., et al.,* C.A. No. 3:08–2603

*District of Oregon*

*Versa Dock Hawaii, LLC v. Horizon Lines, LLC, et al.,* C.A. No. 3:08–631